Compiler
of Laws

IN THE SUPERIOR COURT
OF GUAM

THE PEOPLE OF GUAM,               )        CRIMINAL CASE No. CF0169-12
                                  )
                                  )
        v.                        )
                                  )        **DECISION AND ORDER**
                                  )        On Defendant's Motion to Dismiss
TROY SAN NICOLAS OGO,             )        First and Third Charges
                                  )
              Defendant.          )
                                  )
_____ )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 6, 2012 on Defendant's Motion to Dismiss First and Third Charges. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Attorney Howard Trapp. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING Defendant's Motion to Dismiss.

## FACTUAL HISTORY

The Defendant has been indicted on eleven separate charges for an alleged incident that took place on March 11, 2012. On the day in question, the Defendant is said to have come home drunk and started an argument with his live-in girlfriend. When the girlfriend asked to leave, the Defendant is alleged to have driven her, despite being intoxicated, to his parent's home. While speeding and driving recklessly towards the home, the Defendant allegedly threatened his girlfriend's life before driving the vehicle into a concrete wall on the passenger's side. Based on these alleged facts, the Defendant was charged with both felony *Terrorizing* and misdemeanor *Reckless Conduct*, in addition to nine other charges.

The Defendant has motioned the Court to have the *Terrorizing* and *Reckless Conduct* charges dismissed arguing that the indictment failed to sufficiently plead the two offenses. In his motion, the Defendant states that it is unclear what crime the Defendant threatened to commit, speaking to the First Charge of *Terrorizing*, and that it is similarly unclear from the indictment which behavior constituted the Third Charge of *Reckless Conduct*. The People filed an opposition citing Guam Supreme Court case law to support their stance that the indictment was sufficiently pled. For the following reasons, the Court agrees with the People.

## DISCUSSION

The Defendant has motioned the Court to have the First and Third Charges of his indictment dismissed. The grounds for the Defendant's motion are the claim that two charges, one for felony *Terrorizing* and a second for misdemeanor *Reckless Conduct*, were not pled with sufficiency. In support of his argument, the Defendant relies upon the Guam Rules of Pleading which require that the indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." 8 GCA §55.10. The Defendant specifically alleges that, for both charges, the indictment failed to provide 'essential facts' sufficient to allow him to properly prepare his defense. Each of the charges will be examined in turn.

The First Charge of the indictment properly lists the required elements of the crime of *Terrorizing* as a third-degree felony. The First Charge states:

> "On or about the 11th day of March, 2012, in Guam, TROY SAN NICOLAS OGO did commit the offense of **Terrorizing**, in that he did knowingly communicate a threat to another person, *Annalynne Simbahan* to commit a crime of violence dangerous to human life against *Annalynne Simbahan*, the natural and probable consequence of such threat being to place *Annalynne Simbahan* in reasonable fear that the crime would be committed, in violation of 9 GCA §§ 19.60(a) and (b)."

The language of the First Charge of the indictment tracks the language of the criminal statute which states:

"A person is guilty of terrorizing if he communicates to any person a threat to commit or to cause to be committed a crime of violence dangerous to human life, against the person to whom the communication is made or another, and the natural and probable consequence of such a threat, is to place the person to whom the threat is communicated or the person threatened in reasonable fear that crime will be committed. (b) Terrorizing is a felony of the third degree."

9 GCA §§19.60 (a) and (b).

The language of the Third Charge similarly lists the required elements of the crime of *Reckless Conduct* as a misdemeanor. The Third Charge states:

"On or about the 11th day of March, 2012, in Guam, TROY SAN NICOLAS OGO did commit the offense of Reckless Conduct, in that he recklessly engaged in conduct which unjustifiably placed another, Annalynne Simbahan, in danger of death or serious bodily injury, in violation of 9 GCA §§ 19.40 (a)(1) and (b), as amended."

The language of the Third Charge of the indictment also tracks the language of the criminal statute which states:

"(a) A person is guilty of reckless conduct if he: (1) recklessly engages in conduct which unjustifiably places or may place another in danger of death or serious bodily injury; (b) Reckless conduct is a misdemeanor."

9 GCA §§19.40 (a)(1) and (b).

The indictment sufficiently charges the Defendant with both *Terrorizing* as a third-degree felony and *Reckless Conduct* as a misdemeanor. The Defendant argues that both charges fail to allege the 'essential facts' of each crime as required by the Guam Rules of Pleading. It is established law, however, that the 'essential facts' of the crime are pled when the indictment tracks the language of the criminal statute defining the offense. The Guam Supreme Court has made explicit that an indictment is "sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the

charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *People v. Jones*, 2006 Guam 13 ¶ 12. As explained by the Ninth Circuit, "An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." *U.S. v. Givens*, 767 F.2d 574, 584 (1985). Tracking the language of the criminal statute has been repeatedly held to be sufficient because an indictment is "read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Jones* (citing *Givens* at 584).

## CONCLUSION

Based on the foregoing, the court finds that the First and Third Charges of the indictment against the Defendant were sufficiently pled. Accordingly, the court DENIES Defendant's Motion to Dismiss First and Third Charges. Further Proceedings are set for April 3, 2013 at 9am.

SO ORDERED, this 21 day of March 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.
Dated at Hagatna, Guam

MAR 21 2013

Benny Q. Cruz
Deputy Clerk, Superior Court of Guam